IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERRY LEE WARNER, # 84411**                                                       **PETITIONER**

**VERSUS**                                                         **CIVIL ACTION NO. 3:16cv286-HTW-LRA**

**STATE OF MISSISSIPPI**                                                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF REMAND

BEFORE THE COURT is pro se petitioner Jerry Lee Warner's Notice of Removal [1], pursuant to Title 28 U.S.C. § 1441. He is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he removes his State court post-conviction action. In that action, he challenges his armed robbery conviction. He asks this court to rule on the State court post-conviction petition. This court has considered and liberally construed the pleadings. As set forth below, this case is remanded to the Circuit Court of Holmes County, Mississippi.

## BACKGROUND

In 1994, a jury convicted Warner of armed robbery, and the Circuit Court of Holmes County sentenced him to thirty years, without parole, in the custody of MDOC. (Notice of Removal at 33, 37). The Mississippi Court of Appeals affirmed. *Warner v. State*, 678 So. 2d 1030, 1030 (Miss. Ct. App. 1996). This court has denied him a writ of habeas corpus, and the Fifth Circuit Court of Appeals affirmed. *Warner v. King*, No. 3:13cv200-TSL-JMR, 2013 U.S. Dist. LEXIS 162431 (S.D. Miss. Nov. 14, 2013), *aff'd*, No. 14-60044 (5th Cir. July, 16 2014).

After this ruling by the Fifth Circuit, Warner filed with the Mississippi Supreme Court a Petition for Writ of Habeas Corpus, which that court denied on October 29, 2014. (Notice of Removal at 11, 18). Warner then filed a "Petition for an Order to Show Cause," in the trial

court, arguing that it, and not the Mississippi Supreme Court, should have ruled on the prior petition for habeas relief. *Id.* at 39, 41-42. The trial court construed the show cause petition as a successive petition for post-conviction collateral relief and dismissed it on May 22, 2015. *Id.* at 15. Five months later, Warner filed an amended petition for "State Writ of Habeas Corpus," again in the Holmes County Circuit Court. *Id.* at 49, 89. It is this amended petition that he removes to this court.

Particularly, on April 18, 2016, Warner filed a Notice of Removal, removing the Amended Petition for State Writ of Habeas Corpus. He alleges that the State trial court will not give him a ruling, so he specifically invokes § 1441, and asks this court to decide his latest State court post-conviction motion. He argues that the State court never had jurisdiction to convict him because he was illegally arrested. He also posits that his attorney was ineffective for failing to raise this claim at trial or on appeal.

## DISCUSSION

Petitioner bears the burden of establishing jurisdiction. *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). The removing party must not only demonstrate the federal court's jurisdiction, but must also show that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts about whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The removal statute provides that a defendant may remove a civil action. 28 U.S.C. § 1441(a). It does not bestow that privilege to either a plaintiff or a petitioner. Thus removal jurisdiction is limited to certain civil actions that are removed by defendants. *Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941).  Warner--"having submitted himself to the jurisdiction of the state court" for the purpose of deciding his latest petition for post-conviction relief--is "not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."  *Id.* at 106.

Therefore, the court does not have removal jurisdiction, and this case is remanded back to the Holmes County Circuit Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 29TH day of April, 2016.

s/ HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE